UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

TERRY GALE PLUNK                          PLAINTIFF

v.                          CASE NO. 09-cv-3039

LYLE SMITH *et al.*                          DEFENDANTS

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Terry Gale Plunk (Plaintiff) filed this case pro se and *in forma pauperis* on June 1, 2009, under 42 U.S.C. § 1983. (Doc. 1). Now before the Court are the following Motions to Dismiss: Motion to Dismiss by Defendants Harris, Jenkins, and Lovass (Doc. 16); Motion to Dismiss by Defendants Bright, Hollis, McCoullough (Doc. 29); Motion to Dismiss by Defendants Daniels, Hazell, Maneth, and Russell (Doc. 41), which was also joined by Defendant Gross on April 22, 2010 (Docs. 51 and 58); and Motion for Judgment on the Pleadings by Defendants Osborne and L. Smith (Doc. 55).[1]

The Court has also considered the Reply to Response to Motion to Dismiss Claim "A" of Plaintiff's Complaint filed by Defendants Harris, Jenkins and Lovass (Doc. 61), which was adopted by Defendants Bright, Hollis, and McCullough (Doc. 62), as well as adopted by Defendants Osborne, and Smith. (Doc. 63). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge

---

[1] Defendants Hickman, T. Smith, and Pemberton (hereinafter "Boone County Defendants") did not file a Motion to Dismiss or Motion for Judgement on the pleadings, but rather filed an Answer to the Complaint. (Doc. 15). However, in their Answer, Defendants Hickman, T. Smith, and Pemberton "avail themselves to any statute of limitations defenses available." (Doc. 15, ¶ H). Thus, to the extent this language is used to adopt a similar statute of limitation argument as in the listed Motions, this Report and Recommendation shall also apply.

for the Western District of Arkansas. For the following reasons, it is the recommendation of the undersigned that the Motions to Dismiss (Docs. 16, 29, and 41) and the Motion for Judgment on the Pleadings (Doc. 55) be DENIED.

## I. BACKGROUND

The Motions to Dismiss (Docs. 16, 29, and 41) and the Motion for Judgment on the Pleadings (Doc. 55) all make a similar argument that the statue of limitation has run on "Claim A" of Plaintiff's Complaint, and thus this claim is subject to dismissal. Plaintiff's "Claim B" is the subject of the Motion to Dismiss by Harris, Jenkins, and Lovass (Doc. 16) on grounds Harris should have qualified immunity. (Doc. 16).

Plaintiff filed his Complaint (Doc. 3) on June 1, 2009. In this Complaint, when making the "statement of Claim" Plaintiff divides his lawsuit into "Claim A" and "Claim B." *Id.* at ¶ V. Claim A is an excessive force claim related to Plaintiff's arrest on April 24, 2006. *Id.* Plaintiff states he "led Arkansas law enforcement authorities on a chase from Boone County, Arkansas into Taney County, Missouri." *Id.* Plaintiff was stopped in the Branson, Missouri city limits. *Id.* Plaintiff states the windows of his vehicle were broken out by the Defendants, he was shot twice with a high-voltage taser, and he was drug from his truck. (Doc. 3 at ¶ V). Plaintiff also alleges he was then thrown down on roadway pavement and kicked and stomped several times. *Id.* During this time, Plaintiff was called derogatory names. *Id.* Plaintiff alleges his face was scraped across the pavement. *Id.* Plaintiff also states he did not resist, and could not resist due to paralysis from the taser gun. *Id.*

Plaintiff states Defendants Osborn, Harris, Pemberton, T. Smith, Lovass, Jenkins, Gross, Bright, Hollis, Hazell, Maneth and Daniels were "all present at the time of and witnessed the attack." *Id.* Plaintiff also states these defendants either participated directly in the attack or stood by and

watched without intervention. (Doc. 3 at ¶ V). Defendants L. Smith, Hickman, McCullough, and Russell are alleged to have failed to train or properly supervise and otherwise oversee the officers under their command. *Id.* Defendants L. Smith, Hickman, McCullough, and Russell are also sued in their official capacities for the City of Harrison, Boone County, the City of Branson, and Taney County, respectively, for the alleged creation of custom and policy leading to the excessive force used on Plaintiff. *Id.*

Claim B of Plaintiff's Complaint (Doc. 3), is at issue in the Motion to Dismiss by Defendant Harris, Jenkins, and Lovass (Doc. 16). Defendant Harris seeks to dismiss Claim B due to qualified immunity. *Id.* In Claim B, Plaintiff alleges on August 28, 2006, Defendant David Osborn shot him with a .223 caliber assault rifle without provocation. *Id.* Plaintiff alleges Defendant Osborn intended and attempted to kill him. *Id.* Plaintiff also alleges Defendant Osborn's action were due to a failure to train or supervise by Defendants L. Smith and Harris and due to institutional custom and policy which allowed for such acts to occur. *Id.*

## II.   APPLICABLE LAW

As to Defendants' Statute of Limitation argument regarding Claim A, Section 1983 does not contain its own statute of limitation. Instead, causes of action under Section 1983 are governed by "the most appropriate or analogous state statute of limitations." *Goodman v. Lukens Steel Co.*, 482 U.S. 656, 660 (1987)(§ 1981 case). *See also Wilson v. Garcia*, 471 U.S. 261, 268 (1985)(§ 1983 case); *Bell v. Fowler*, 99 F.3d 262, 265-266 (8th Cir. 1996)(§ 1985 case). In Arkansas, this is the three year personal injury statute of limitations, ARK. CODE ANN. 16-56-105(3) (2005). *See Miller v. Norris*, 247 F.3d 736, 739 (8th Cir. 2001)(ARK.CODE ANN. § 16-56-105(3) is the statute of limitations applicable to § 1983 cases). The three year statute of limitations also applies to official-

capacity claims. *See, e.g., Wycoff v. Menke*, 773 F.3d 983, 984 (1985); *Wilson*, 471 U.S. at 275.

As to the qualified immunity argument related to Claim B, the following law is applicable. "Government officials performing discretionary functions are entitled to qualified immunity unless they violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Whisman v. Rinehart*, 119 F.3d 1303, 1309 (8th Cir. 1997) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Qualified immunity is an affirmative defense that will be upheld on a Fed. R. Civ. P. 12(b)(6) motion only when qualified immunity is established on the face of the complaint. *Id.* On a motion to dismiss, the qualified-immunity inquiry is a two-step process, accepting all well pleaded facts in the complaint as true. *Id.*

> The threshold question is whether the plaintiff has alleged the violation of a constitutional right. If plaintiffs meet this standard, we next determine whether that right was clearly established at the time of the alleged violation. A right is clearly established when the contours of the right are sufficiently clear that a reasonable official would understand that what he is doing violates that right. In determining whether the legal right at issue is clearly established, this circuit applies a flexible standard, requiring some, but not precise[,] factual correspondence with precedent, and demanding that officials apply general, well-developed legal principles.

*Id.* (internal quotations and citations omitted).

### III.    DISCUSSION

       A) Statute of Limitation

As noted above, the appropriate statute of limitation for this action is three years. Plaintiff alleges the actions occurred on April 24, 2006. Thus, the limitation for filing the action would be on or before April 24, 2009. This case was filed on June 1, 2009, seemingly outside of the statute of limitation by over a month. However, a closer inquiry shows this case should not be dismissed due to the statute of limitation.

When the Complaint was filed with the Court, it arrived to the Clerk of Court in an envelope postmarked May 19, 2009. (Doc. 60). The envelope postmarked May 19, 2009 contained a second envelope, this one postmarked April 20, 2009. *Id.* Upon inquiry by the Court, the Plaintiff explained he had originally placed his Complaint in the mail on April 18, 2009. (Doc. 60). The Complaint was returned to him on or around May 15, 2009, due to an incorrect address being placed on the envelope. *Id.* Plaintiff then re-mailed the envelope on May 18, 2009. *Id.* Plaintiff states the materials originally mailed on April 18, 2009 were identical to the materials mailed on May 18, 2009, which were filed by the Court on June 1, 2009, he simply placed them into an envelope with the correct address. *Id.*

The Complaint is dated April 14, 2009. (Doc. 3). The IFP application was filled out by Plaintiff on April 7, 2009 and by the institution on April 13, 2009. (Doc. 1). The Complaint is marked as "received" into the Western District of Arkansas on May 20, 2009. (Doc. 3).

Under the so-called "mailbox rule" a filing by an inmate is timely if it is deposited in the prison's internal mail system on or before the last day for filing. *See Sulik v. Taney County*, 316 F.3d 813, 814-15 (8th Cir. 2003); *Bunch v. Riley*, 2008 WL 4278174 (W.D. Ark. 2008). Plaintiff's original filing was timely, in that it was placed in the mail on April 18, 2009 and the limitation period for the action would not accrue until April 24, 2009. The remaining issue is whether the incorrect address placed on the April 18, 2009 envelope should in any way negate the timely filing of April 18, 2009.

In the Reply to Response to the Motion to Dismiss (Doc. 61), Defendants Harris, Jenkins, and Lovass contend the filing on April 18, 2009 was not timely as the incorrect address was placed on the envelope, and Local Rule 77.1 plainly gives the correct address for filing with the Clerk of

Court. (Doc. 61 at 2). This argument was adopted by Defendants Bright, Hollis, McCulloguh, Osborne and Smith. (Docs. 62, 63). These Defendants assert Plaintiff utilized the "Jail Inmate Handbook," which was unreliable and Plaintiff should suffer the consequences of this handbook having an incorrect address.

The Court disagrees with the argument of Defendants Harris, Jenkins, Lovass, Bright, Hollis, McCulloguh, Osborne and Smith. The Court recommends that the placing of the incorrect address on the original envelope be found excusable, and equitable tolling be applied to make Plaintiff's Complaint timely.

"Equitable tolling ... is 'appropriate only when the circumstances that cause a plaintiff to miss a filing deadline are out of his [or her] hands.' " *Kelley v. NLRB*, 79 F.3d 1238, 1248 (1st Cir. 1996) (quoting *Heideman v. PFL, Inc.*, 904 F.2d 1262, 1266 (8th Cir. 1990), cert. denied, 498 U.S. 1026 (1991)). Equitable tolling is warranted in two situations: (1) "if there are 'extraordinary circumstances' beyond a movant's control that would keep him from filing in a timely fashion;" or (2) "if the government's conduct 'lulled' the movant into inaction through reliance on that conduct." *U.S. v. Hernandez*, 436 F.3d 851, 858 (8th Cir. 2006) (quoting *Maghee v. Ault*, 410 F.3d 473, 476 (8th Cir. 2005)).

Plaintiff included in his response to the Motions to Dismiss and Motion for Judgment on the Pleadings, a page from what is labeled as the "Jailhouse Lawyers Handbook - Appendix." In this excerpt from the Handbook, there is an address listed for the Fayetteville Division of the United States District Court for the Western District of Arkansas. It is listed as follows: U.S. District Court Clerk's Office, 523 Federal Building, 35 East Mountain Street, P.O. Box 6420, Fayetteville, Ar 72702-6420. This is the same address Plaintiff placed on the envelope to his Complaint on April 18,

2009 in his first attempt to mail that document to the Court. Once the Complaint was returned, Plaintiff promptly sought the correct address and re-mailed his Complaint. It should be noted that Plaintiff had to inquire as to the correct address from a member of the jail staff. There is no indication a version of the local rules was available for Plaintiff. Likewise, the Court finds there would be no duty for Plaintiff to inquire as to the "reliability" of the handbook, if it was the resource provided to the inmates by Plaintiff's facility.[2]

Moreover, the dates for signing the Complaint and obtaining the required materials for an IFP application demonstrate Plaintiff was diligently pursuing his claim, although close to the statute of limitation deadline. Thus, it is the recommendation of the undersigned that the delay in Plaintiff's case being filed in the Western District of Arkansas is excusable, and equitable tolling should be applied due to the extraordinary circumstance of the incorrect address being listed in the handbook.

### B) Qualified Immunity

Defendant Harris, in his Motion to Dismiss (Doc. 16), claims he should be dismissed from Claim B of Plaintiff's complaint due to qualified immunity. Defendant Harris states the only allegation referencing him in Claim B is that Officer Osborn, who allegedly shot Plaintiff, told Harris "something to the effect of: 'F**k, I tried to kill the motherf****r and missed.'" Otherwise, Defendant Harris is included in this claim for failing to properly train, supervise or oversee the Officer Osborn.

As a threshold matter, Plaintiff has alleged excessive force was used against him in Claim B of his Complaint, and the right to be free from excessive force is clearly established under the Fourth

---

[2] From the record, it appears this handbook was the only resource available to Plaintiff to prepare his pro se pleadings. If the handbook is considered unreliable to the extent it would not provide for equitable tolling to apply, Plaintiff may then have a denial of access to court claim against his institution of incarceration.

Amendment's prohibition against unreasonable seizures of the person at the time of arrest. *Coleman v. Rieck*, 253 F Supp. 2d 1101 (D. Neb. 2003). The use of deadly force is not justified to prevent the escape of a suspect that poses no immediate threat to officers or others in the area. *Tennessee v. Garner*, 471 U.S. 1 (1985). There is nothing in the record before the Court at this time to indicate Plaintiff posed a threat to officers or others in the area at the time of the August 26, 2006 incident, and thus qualified immunity does not appear to be applicable at this time.

Plaintiff's claim against Defendant Harris in under Claim B of his complaint is also one for "failure to train, supervise and/or otherwise oversee . . .." A defendant can be individually liable under Section 1983 for failure to properly train or supervise his deputies, if those deputies then cause excessive force to be used. *Andrews v. Fowler*, 98 F.3d 1069, 1078 (8th Cir. 1996). Under the failure to supervise theory, the Eighth Circuit Court of Appeals has recognized that a supervisor commits a constitutional violation if he or she directly participates in a constitutional violation or if his or her failure to train the offending employee caused a deprivation of constitutional rights. *See Andrews*, 98 F.3d at 1078 (8th Cir. 1996) (citing *Tilson v. Forrest City Police Dep't*, 28 F.3d 802 (8th Cir. 1994)). This test requires a plaintiff also to prove that the supervising official was "deliberately indifferent to or tacitly authorized the offending acts." *Andrews*, 98 F.3d at 1078. In order to demonstrate "deliberate indifference," the plaintiff must show "the supervisor had notice that the training procedures and supervision were inadequate and likely to result in a constitutional violation." *See id.*

Plaintiff has made the allegation that Defendant Harris was deliberately indifferent and tacitly authorized the offending acts, causing excessive force to be used against him, at least to the extent to survive a Motion to Dismiss.

The doctrine of qualified immunity shields officials acting only in their individual capacities. *Brandon v. Holt*, 469 U.S. 464, 472-73 (1985). *See also W.B. v. Matula*, 67 F.3d 484, 499 (3rd Cir. 1995). Any claims against the Defendants in their official capacities may not be defended against on the basis of qualified immunity. *Id.* Plaintiff makes clear he is alleging Harris was in his "official capacity" at the time of the incident and appears to be making an official capacity claim against Harris in Claim B, at least in part. (Doc. 3, ¶ 10). Thus, to that extent, the qualified immunity argument must also fail.

## IV.    CONCLUSION

Accordingly, I RECOMMEND the Motions to Dismiss (Docs. 16, 29, and 41) and the Motion for Judgment on the Pleadings (Doc. 55) be **DENIED** for the forgoing reasons.

I FURTHER RECOMMEND that the Defendants be Ordered to answer the Plaintiff's Complaint within twenty-one (21) days of any Order adopting this Report and Recommendation.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of May 2010.

>*/s/ J. Marschewski*
>HON. JAMES R. MARSCHEWSKI
>U.S. MAGISTRATE JUDGE