```
         IN THE UNITED STATES DISTRICT COURT
            WESTERN DISTRICT OF ARKANSAS
                 HARRISON DIVISION
```

**TERRY GALE PLUNK**                                              **PLAINTIFF**

   **v.**                        **Civil No. 09-3039**

**CITY OF HARRISON**, *et al.*                                    **DEFENDANTS**

## O R D E R

NOW on this 7th day of September 2010, comes on for consideration the Magistrate Judge's Report and Recommendation (document #64), and Defendants' objections thereto (documents #66, #67, & #68).  The Court, having reviewed the record in this matter and being well and sufficiently advised, finds as follows:

   1.   Plaintiff is proceeding pro se in this case.  Plaintiff initiated this action on June 1, 2009, by filing a complaint in this Court.  Plaintiff divides his claims into two parts: "Claim A" and "Claim B."

   *   Claim A is an excessive force claim related to Plaintiff's arrest on April 24, 2006.

   *   Claim B is also an excessive force claim involving an incident that occurred on August 28, 2006, during an undercover drug operation in Boone County, separate defendant, when Harrison Police Officer David Osborn, shot Plaintiff, allegedly without provocation and with an intent to kill him.

   2.   Plaintiff initially named the City of Harrison, Arkansas, the Harrison Police Department, Boone County, Arkansas, the Boone

County Sheriff's Department, the City of Branson Missouri, the Branson Police Department, Taney County, Missouri, and the Taney County Sheriff's Department. Plaintiff also named several officers in these various departments and sued them in their individual and official capacities.

3. On October 13, 2009, the Magistrate Judge entered an Order stating that it would not direct service on any of the city or county defendants because Plaintiff named as defendants officials that represent the interests of the city and county defendants named in his matter. As the United States Supreme Court has held, claims against individuals in their official capacities "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Hafer v. Melo*, 502 U.S. 21, 24 (1991) (internal citations omitted). Suits against individuals in their official capacities "should be treated as suits against the State." *Hafer,* 502 U.S. at 24.

Thus, the city and county defendants are no longer defendants in this matter, and only the individual defendants remain. However, pursuant to the Supreme Court's holding in *Hafer*, Plaintiff's claims against the individual defendants in their official capacities will be treated as suits against the entities for which they are agents.

4. The following motions have been filed by the individual defendants:

    \*    (document #16) Motion to Dismiss filed by Boone County Police Deputy Sheriff Greg Harris, and Arkansas State Troopers, Gary Jenkins (now retired) and Carey Lovass;

    \*    (document #29) Motion to Dismiss Claim A of Plaintiff's Complaint for Damages filed by Police Officers Rick Bright and Mike Hollis of the Branson Police Department;

    \*    (documents #41 & #47[1]) Motion to Dismiss and Suggestions Thereon filed by Taney County, Missouri Sheriff Jimmie Russell, and three Deputy Sheriffs, Gary Hazel, Jeff Maneth and Brad Daniels; and

    \*    (document #55) Motion for Judgment on the Pleadings filed by the Harrison Chief of Police, Lyle Smith and Harrison Police Officer, David Osborn.

    \*    In addition to the above motions, per the Magistrate Judge's Order entered April 22, 2010 (document #58), Defendant Ed Gross, Taney County Deputy Sheriff, was permitted to join in the motion to dismiss filed by the other Taney County defendants.

    5.    There are two issues upon which these Defendants seek dismissal:

    \*    First, all of the Defendants assert that Plaintiff's Claim "A" is barred by the statute of limitations, and the doctrine of equitable tolling is not applicable.

---

[1] Documents #41 and #47 are the same filing. They are both motions to dismiss filed by the same Taney County, Missouri, defendants. Thus, the same analysis applies to documents #41 and #47.

 * Second, Defendant Harris asserts that the doctrine of qualified immunity bars Plaintiff's claim in Claim "B" against him.

 6. On May 27, 2010, the Magistrate Judge issued his Report and Recommendation in which he recommends that all of the motions be denied.

 7. On June 10 and June 16, 2010, Defendants filed objections to said Report and Recommendation (documents #66, #67 & #68).

 8. The Court now turns to the issues raised by the pending motions, the Magistrate Judge's Report and Recommendation and Defendants' objections thereto.

 9. First, in the motions to dismiss (documents #16, #29, #41 and #47) and the motion for judgment on the pleadings (document #55), Defendants assert that Plaintiff's complaint was not filed within the three-year statute of limitations for Claim "A", and the doctrine of equitable tolling does not apply to Arkansas' statutes of limitations.  Specifically, Defendants assert that the Arkansas Supreme Court has made clear that "statutes of limitations present questions of law and not equity."  (Document #66, at p.3) (*citing Bryan v. Ford, Bacon, and Davis*, 246 Ark. 327, 338, 438 S.W.2d 472, 478 (1969)).

 Moreover, Defendants assert that, even if equitable tolling was an available remedy, it should not be applied here because, by waiting until April 18, 2009, to file his complaint, Plaintiff "voluntarily assumed the risk the he had misaddressed the envelope

and that it would not reach the clerk before the limitations period expired." (document #66, at pp.4-5).

(a) The parties agree that the limitations period in an action under 42 U.S.C. § 1983 in Arkansas is three years. *See Morton v. City of Little Rock,* 934 F.2d 180, 182-83 (8th Cir. 1991). The alleged events in Claim "A" occurred on April 24, 2006. Thus, the limitation period for Plaintiff filing a complaint on Claim "A" would be on or before April 24, 2009.

(b) Plaintiff's complaint was filed on June 1, 2009, which is outside the statute of limitations but, as the Magistrate Judge pointed out in his Report and Recommendation, Plaintiff's original filing was placed in the mail on April 18, 2009, before the statute of limitation had run. That original filing was returned to Plaintiff because it had been mailed to the wrong address. Plaintiff has advised the Court that he used the address for the District Court Clerk that he found in the "Jailhouse Lawyers Handbook," which was the only resource with the clerk's address that was available to Plaintiff at the time. Apparently, the address in the "Jailhouse Lawyers Handbook" was wrong and, when Plaintiff received the returned mail, he promptly found the correct address and re-mailed his complaint to the correct address. The Magistrate Judge noted that there was no reason for Plaintiff to question the accuracy of the "Jailhouse Lawyers Handbook" until he received the returned mail.

(c) Under the so-called "mailbox rule," a filing by an inmate is timely if its deposited in the prison's internal mail system on or before the last day of filing. (document #64, at p.5) (*citing Sulik v. Taney County*, 316 F.3d 813, 814-15 (8th Cir. 2003); *Bunch v. Riley*, 2008 WL 4278174 (W.D. Ark. 2008)). Thus, Plaintiff's original filing, had it been filed, would have been timely. The issue now is whether the doctrine of equitable tolling can save Plaintiff's untimely filing.

(d) Defendants assert that the doctrine of equitable tolling does not apply to Arkansas' statute of limitations. The Court disagrees. Other than the general statement made by the court in 1969 in *Bryan,* referenced above, Defendants have cited no case by any Arkansas court holding that equitable tolling is not applicable to Arkansas' statutes of limitations.

More recent decisions by the Arkansas appellate courts indicate that the courts would find that the doctrine of equitable tolling can apply, in appropriate circumstances, to Arkansas' statutes of limitations. For example, in *Scarlett v. Rose Care, Inc.*, 328 Ark. 672, 673 (2008), one of the issues on appeal was whether there was error in the trial court's failure to apply the doctrine of equitable estoppel or equitable tolling of the statute of limitations. The court analyzed the issue of whether the doctrine of equitable estoppel tolled the statute of limitations in that case. Thus, the Court is persuaded that the Arkansas Supreme

Court would hold that the doctrine of equitable tolling can apply, in appropriate circumstances, to Arkansas' statutes of limitations.

(e) The question then becomes whether equitable tolling should be applied in this case. The Court agrees with the Magistrate Judge that equitable tolling is warranted under the facts of this case because Plaintiff attempted to file his complaint within the three-year statute of limitations and the incorrect mailing address contained in the "Jailhouse Lawyers Handbook" -- which caused his filing to be returned and, ultimately, filed late -- is an extraordinary circumstance that was out of Plaintiff's control.

(f) Therefore, the Court finds that Plaintiff's untimely filing of his complaint is excusable and that Defendants' motions to dismiss Plaintiff's Claim "A" as barred by the statute of limitations should be, and will be, denied.

10. Second, Defendant Greg Harris asserts in his motion to dismiss (document #16) that the doctrine of qualified immunity bars Plaintiff's claims against him as asserted in Claim "B" in Plaintiff's complaint.

(a) Greg Harris is a Boone County Deputy Sheriff. Claim "B" relates to Plaintiff's claim that, on August 28, 2006, during an undercover drug operation in Boone County, Defendant Osborn shot Plaintiff without provocation with an intent to kill him. In Plaintiff's complaint, he alleges, with respect to Harris:

\*   that, after Osborn shot Plaintiff, he turned to Deputy Sheriff Harris and "told defendant Harris something to the extent of: "Fuck, I tried to kill the motherfucker and missed." (document #3, at p.10); and

\*   that defendants Smith, Harris, and Hickman "failed to properly train, supervise and/or otherwise oversee their officers and after receiving knowledge of the shooting did not try to remedy the wrong." (document #3, at p.10).

(b)   Defendant Harris asserts that he should be dismissed from Claim "B" of Plaintiff's complaint based on qualified immunity.

11.   Police officers are shielded from liability for civil damages insofar as their conduct does not violate "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Sanders v. City of Minneapolis, Minnesota*, 474 F.3d 523, 526 (8th Cir. 2007).

Specifically, "the doctrine of qualified immunity protects government officials such as police officers from individual liability under § 1983, unless their conduct violated 'clearly established' . . . constitutional rights of which a reasonable person would have known." *Baribeau v. City of Minneapolis*, 596 F.3d 465, 473-74 (8th Cir. 2010) (internal citation omitted); *Sanders*, 474 F.3d at 526.

12. The Magistrate Judge concluded that defendant Harris is not entitled to the benefit of qualified immunity at this time for the following reasons:

(a) The Fourth Amendment gives a person the right to be free from excessive force and the use of deadly force is not justified to prevent the escape of a suspect who poses no threat to the officers. (*See* Report and Recommendation, document #64, p.8). Because nothing in the record indicates that Plaintiff posed a threat to the officers, the Magistrate Judge found that "qualified immunity does not appear to be applicable at this time." (*Id.*).

(b) The second basis the Magistrate Judge gave for denying Defendant Harris the right to qualified immunity for Claim "B" was that Plaintiff's claim in Claim "B" is one for "failure to train, supervise and/or oversee." The Magistrate Judge found that "Plaintiff has made the allegation that Defendant Harris was deliberately indifferent and tacitly authorized the offending acts, causing excessive force to be used against [Plaintiff], at least to the extent to survive a Motion to Dismiss."

13. As previously noted, Plaintiff objects to the foregoing findings and recommendations as to Harris.

In light of Plaintiff's allegations against Harris in Claim "B", the Court is not convinced that a "qualified immunity" analysis is necessary to dispose of the motion relating to those allegations.

First, the Court notes that Plaintiff makes no allegation that Harris used any force -- excessive or otherwise -- against Plaintiff on August 28, 2006.  Thus, Plaintiff has not stated an excessive force claim against Harris in Claim "B."

Second, the Court notes that Plaintiff makes no allegation to support a claim that Harris -- under the circumstances shown -- had any duty to "train, supervise and/or otherwise oversee" Osborn on that day.

The facts show that Harris was, at the time in question, a Boone County Deputy Sheriff -- while Osborn was not but, rather, was an officer serving on the City of Harrison police force.

Plaintiff has not alleged that Harris was the supervising official of Osborn at the time and/or that Harris was otherwise in charge of that particular undercover drug operation.  Thus, the Court fails to see any alleged basis whereon Harris could be held liable on a failure to train and/or supervise claim absent some allegation that it was his duty or responsibility to train and/or supervise Osborn.

Because there are no factual allegations to support a claim against Harris in Claim "B," the Court believes it unnecessary to address the issue of qualified immunity and finds that Claim "B" should be dismissed as to separate Defendant Harris.

**IT IS THEREFORE ORDERED** that the **Magistrate Judge's Report and Recommendation is approved and the recommendations therein are adopted in part and not adopted in part**, as follows:

* the Magistrate Judge's recommendation to deny Defendants' motions to dismiss Plaintiff's Claim "A" as barred by the statute of limitations is hereby **ADOPTED**; and

* the Magistrate Judge's recommendation to deny Defendant Harris' motion to dismiss Plaintiff's Claim "B" as against him -- based upon qualified immunity -- is **NOT ADOPTED,** and that motion will be granted on the ground that there are not sufficient allegations of fact to sustain it.

**IT IS FURTHER ORDERED** that Defendants' objections are overruled in part and sustained in part, as set forth above.

**IT IS FURTHER ORDERED** that, for the reasons set forth in the Magistrate Judge's Report and Recommendation:

(A) the **Motion to Dismiss (document #16)** filed by Boone County Police Deputy Sheriff Greg Harris, and Arkansas State Troopers, Gary Jenkins (now retired) and Carey Lovass is hereby **GRANTED IN PART AND DENIED IN PART,** as follows:

* Defendants' motion to dismiss Plaintiff's Claim "A" as barred by the statute of limitations is hereby **DENIED;** and

* Defendant Harris' motion to dismiss Plaintiff's Claim "B" as against him is **GRANTED,** and **IT IS SO ORDERED.**

(B) the **Motion to Dismiss (document #29)** filed by Police Officers Rick Bright and Mike Hollis of the Branson Police Department is hereby **DENIED.**

(C) the **Motions to Dismiss and Suggestions Thereon (documents #41 # 47)** filed by Taney County, Missouri Sheriff Jimmie Russell, and three Deputy Sheriffs, Gary Hazel, Jeff Maneth and Brad Daniels are hereby **DENIED.**

(D) the motion to dismiss is also **DENIED** as to separate defendant Ed Gross who joined in said motion.

(E) the **Motion for Judgment on the Pleadings (document #55)** filed by the Harrison Chief of Police, Lyle Smith and Police Officer, David Osborn is hereby **DENIED.**

**IT IS FURTHER ORDERED** that Defendants are ordered to answer the Plaintiff's Complaint **within twenty-one(21) days** of this Order.

**IT IS SO ORDERED.**

>　　　　　　　　　　　　　　　　　**/s/ Jimm Larry Hendren**
>　　　　　　　　　　　　　　　　　**JIMM LARRY HENDREN**
>　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**