UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**TERRY GALE PLUNK**                                                                                   **PLAINTIFF**

v.                                              **CASE NO. 09-cv-3039**

**LYLE SMITH,** *et al.*                                                                               **DEFENDANTS**

<u>REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE</u>

Terry Gale Plunk (Plaintiff), an inmate of the Cummins Unit of the Arkansas Department of Corrections, in Grady, Arkansas, filed this case pro se and *in forma pauperis* under 42 U.S.C. § 1983. ECF Nos. 1, 3.  Now before the Court is the Motion to Dismiss, ECF No. 100, filed by the Plaintiff. Defendants have filed no response to this motion.

Pursuant to the provisions of 28 U.S.C. § 636 (b)(1) and (3), this case is referred to the undersigned by the Honorable Jimm Larry Hendren, Chief United States District Judge for the Western District of Arkansas.  For the following reasons, it is the recommendation of the undersigned that the Motion to Dismiss, ECF No. 100, be **GRANTED**.

**I.      BACKGROUND**

Plaintiff filed his Complaint, ECF No. 3, on June 1, 2009.  In this Complaint, when making the "Statement of Claim" Plaintiff divides his lawsuit into "Claim A" and "Claim B."  *Id.*  at ¶ V. Claim A is an excessive force claim related to Plaintiff's arrest on April 24, 2006.  *Id.*  Plaintiff states he "led Arkansas law enforcement authorities on a chase from Boone County, Arkansas into Taney County, Missouri."  *Id.*  Plaintiff was stopped in the Branson, Missouri city limits.  *Id.*  Plaintiff states the windows of his vehicle were broken out by the Defendants, he was shot twice with a high-voltage taser, and he was drug from his truck.  ECF No. 3 at  ¶ V.  Plaintiff also alleges he was then thrown

down on roadway pavement and kicked and stomped several times. *Id.* During this time, Plaintiff was called derogatory names. *Id.* Plaintiff alleges his face was scraped across the pavement. *Id.* Plaintiff also states he did not resist, and could not resist due to paralysis from the taser gun. *Id.*

Plaintiff states Defendants Osborn, Harris, Pemberton, T. Smith, Lovass, Jenkins, Gross, Bright, Hollis, Hazell, Maneth and Daniels were "all present at the time of and witnessed the attack." *Id.* Plaintiff also states these defendants either participated directly in the attack or stood by and watched without intervention. ECF No. 3 at ¶ V. Defendants L. Smith, Hickman, McCullough, and Russell are alleged to have failed to train or properly supervise and otherwise oversee the officers under their command. *Id.* Defendants L. Smith, Hickman, McCullough, and Russell are also sued in their official capacities for the City of Harrison, Boone County, the City of Branson, and Taney County, respectively, for the alleged creation of custom and policy leading to the excessive force used on Plaintiff. *Id.*

Claim B of Plaintiff's Complaint, ECF No. 3, Plaintiff alleges on August 28, 2006, Defendant David Osborn shot him with a .223 caliber assault rifle without provocation. *Id.* Plaintiff alleges Defendant Osborn intended and attempted to kill him. *Id.* Plaintiff also alleges Defendant Osborn's action were due to a failure to train or supervise by Defendants L. Smith and Harris and due to institutional custom and policy which allowed for such acts to occur. *Id.*

## II.    APPLICABLE LAW

Federal Rule of Civil Procedure 41(a) allows plaintiffs a limited, rather than absolute, right to obtain a voluntary dismissal. First, a plaintiff may voluntarily dismiss without prejudice "by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment." FED.R.CIV.P. 41(a)(1)(A)(I). Here, all Defendants have filed an Answer, ECF

Nos. 15, 28, 32, 70, 75. Accordingly, Plaintiff is not eligible to obtain a voluntary dismissal pursuant to Rule 41(a)(1)(A)(I) against the Defendants. Second, a plaintiff may seek a voluntary dismissal "by filing a stipulation of dismissal signed by all parties who have appeared in the action." FED. R. CIV. P. 41(a)(1)(A)(ii). In his motion, Plaintiff does not allege that Defendants agree to a dismissal by stipulation, nor has any stipulation been filed. Defendants Harris, Jenkins, Lovass, Hickman, Pemberton, Smith, Bright, Hollis and McCullough have filed responses to the Motion to Dismiss stating they object to the grant of any voluntary dismissal, without a condition of dismissal in place that Plaintiff pay fees and costs in the event he refiles this matter. ECF Nos. 102-04. Defendants Smith and Osborne state they have no objection to the dismissal of this matter. ECF No. 101. Plaintiff stated in his Motion to Dismiss that Defendants Russell, Maneth, Daniels and Hazell do not consent to dismissal, however these separate Defendants did not file any response to the Motion to Dismiss stating their reasons for non-consent. ECF No. 100.

Finally, a plaintiff may seek dismissal by Order of Court, which is to be granted "upon such terms and conditions as the Court deems proper," in the event the prior provisions regarding dismissal without Order do not apply. FED. R. CIV. P. 41(a)(2). Such a provision would be applicable to this case.

In determining whether to approve a motion for voluntary dismissal, the Court considers: (1) the defendant's effort and the expense involved in preparing for trial; (2) excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action; (3) insufficient explanation of the need to take a dismissal; and (4) the fact that a motion for summary judgment has been filed by the defendant. *Whitzman v. Gross*, 148 F.3d 988, 992 (8th Cir.1998).

### III. DISCUSSION

Plaintiff's stated reason for dismissal of this action is mental incompetency, lack of counsel,[1] inability to maintain the action without assistance, and an unacceptable hazzard of self-incrimination. Defendants Jenkins, Lovass, and Harris contend Plaintiff is attempting to dismiss this action to avoid submitting to a deposition that be used to impeach his testimony in his habeas corpus case, pending in the Eastern District of Arkansas.

Defendants Jenkins, Lovass and Harris do not object to the actual dismissal of this case on Plaintiff's motion, but they state any such dismissal should be a dismissal with prejudice, or a dismissal conditioned on Plaintiff not being allowed to re-file this action unless he pays the costs and attorney's fees of each of the Defendants. Defendants Hickman, Pemberton, Smith, Bright, Hollis, and McCullough join the Motion of Jenkins, Lovass, and Harris. ECF Nos. 103-04. As stated above, the nature of the objection from Defendants Russel, Maneth, Daniels, and Hazel is unknown at this time.

As no Defendant appears to object to Plaintiff's dismissal of this case, the undersigned recommends the Motion to Dismiss, ECF No. 100, be **GRANTED**. However, as a condition of the dismissal, the undersigned also recommends that as a condition of dismissal, in the event Plaintiff does refile this action, Defendants Harris, Jenkins, Lovass, Hickman, Pemberton, Smith, Bright, Hollis and McCullough may make a request for fees and costs.

### IV. CONCLUSION

Accordingly, **I RECOMMEND the Motion to Dismiss, ECF No. 100, be GRANTED,**

---

[1] Counsel has entered an appearance on Plaintiff's behalf for a narrow purpose of protecting Plaintiff's interests with respect to Plaintiff related criminal and habeas corpus cases. ECF No. 87.

**for the forgoing reasons, and this matter dismissed without prejudice.** I further recommend that as a condition of dismissal, upon any refiling of this matter, Defendants Harris, Jenkins, Lovass, Hickman, Pemberton, Smith, Bright, Hollis and McCullough may make a request for fees and costs.

**The parties have fourteen (14) days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**DATED** this **4th day of April 2011.**

                                         /s/ *J. Marschewski*
                                         JAMES R. MARSCHEWSKI
                                         U.S. MAGISTRATE JUDGE